IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(associated with Case No. 2:11-cv-1202 TS, United States District Court, District of Utah)

VIAWEST, INC., a Colorado corporation,

    Petitioner,

v.

RICH MEDIA CLUB, LLC a Delaware limited liability company; and
RICH MEDIA WORLDWIDE, LLC, a Delaware limited liability company,

    Respondents.

---

**PETITION TO QUASH NON-PARTY SUBPOENA**

---

Pursuant to Federal Rules of Civil Procedure 45(c)(3) and 26(c), Petitioner ViaWest, Inc. ("ViaWest") petitions this Court to quash the non-party subpoena issued by Respondents Rich Media Club, LLC and Rich Media Worldwide, LLC (collectively "Rich Media") in the District of Colorado in connection with an action pending in the United States District Court, District of Utah, entitled *Rich Media Club, LLC, et al. v. Nikolai Mentchoukov, et al.,* Case No. 2:11-cv-1202 (the "Utah Litigation").

The subpoena in question was issued by Rich Media to non-party ViaWest, a corporation in good standing organized under the laws of Colorado and having a principal place of business at 6400 S. Fiddler's Green Circle, Greenwood Village, Colorado 80111. As explained below, the subpoena requests confidential and trade secret information owned by ViaWest's customers, is

overly broad, not reasonably calculated to lead to the discovery of admissible evidence in the Utah Litigation, and places an unnecessary and undue burden on non-party ViaWest.

## STATEMENT OF FACTS

1. In the pending Utah Litigation, Rich Media has brought various claims against Nikolai Mentchoukov, James W. Rowan, and Leftsnrights, Inc., a Delaware corporation, d/b/a LIQWID (collectively the "Defendants"), including a claim of patent infringement of U.S. Patent No. 7,313,590.

2. Rich Media has previously sought the information requested by the subpoena at issue through discovery and a subpoena issued by the Federal District Court for the District of Utah. A copy of this subpoena is attached hereto as Exhibit A.

3. A stipulated protective order governing production of documents and general discovery matters has been entered in the Utah Litigation. Currently pending before the Utah Court is Defendants' Motion to Quash and for Protective Order related to the co-pending subpoena issued by that Court.

4. The Utah Court has narrowed the scope of discovery to infringement and breach issues. [*See* Exhibit B, Document No. 38, February 1, 2012 Docket Text Order].

5. ViaWest is a data center services provider, providing among other things, colocation and managed services. "Colocation" services involve ViaWest providing datacenter facilities, including raised floor space, redundant power, and heating and cooling capabilities to optimize performance of a customer's equipment placed in the ViaWest facility. [Exhibit C, ViaWest Decl., ¶ 3].

6. LeftsnRights, Inc. d/b/a LIQWID ("LNR"), is a customer of ViaWest. LNR owns and/or leases from a third party a server that is physically located at a ViaWest facility in Utah, and ViaWest provides manages services to Defendant on three servers owned and operated by ViaWest and located in a ViaWest facility in Aurora, Colorado. [ViaWest Decl., ¶ 4].

7. ViaWest provides infrastructure to address LNR's power, cooling, bandwidth, space and cabling needs. [Exhibit D, Mentchoukov Decl., ¶ 6].

8. On or about February 17, 2012, ViaWest was served with a subpoena commanding ViaWest to produce "all electronic storage devices, including servers, that contain any electronically stored information owned, controlled and/or provided by [Defendants]." [ViaWest Decl., ¶ 5]. A copy of this subpoena is attached hereto as Exhibit E (the "Subpoena").

9. According to Defendants, all of Defendants' information and data that is stored on or located at ViaWest facilities is accessible remotely by a computer with the proper passwords. [Mentchoukov Decl., ¶ 11].

10. According to Defendants, the body of Defendants' information stored, manipulated, transmitted, integrated, and/or managed by means of the hardware and software at ViaWest is a trade secret; Defendants' information includes source code; Defendants' information derives economic value from being not generally known to, and not readily ascertainable by, other persons who can obtain economic value from its use or disclosure; and Defendant's information is subject to strict efforts to maintain its secrecy, including, but not limited to, being stored on a secure system that only Defendants Mentchoukov and Rowan can access. [Mentchoukov Decl., ¶ 12].

3

11. According to Defendants, this subpoenaed information is at the heart of Defendants' business and is its most valuable asset. Virtually the entirety of the commercial value of the Defendants' business is this information. [Mentchoukov Decl., ¶ 14].

12. According to Defendants, even if one were to copy the files contained on the requested devices, the information would be useless and largely unintelligible if not used as part of the entire system. [Mentchoukov Decl., at ¶ 13].

13. Although a full system back-up of the information stored at the ViaWest facility in Denver, Colorado, could be performed, this back-up would not produce a user-readable format. Even if compelled to produce the requested information, ViaWest cannot guarantee that such information would be usable. [ViaWest Decl., ¶ 8].

14. According to Defendants, through the Defendants' website one can access Defendants' open source code. The information publicly available would readily allow one skilled in the art to analyze the Defendants' product in terms of the claims of the patent and patent applications at issue in the lawsuit and determine whether or not Defendants infringe the patent or if the product includes the same technology as the patent applications without the need to burden ViaWest. [Mentchoukov Decl., at ¶ 15.]

## ARGUMENT

### A. RICH MEDIA SHOULD NOT BE ALLOWED TO CIRCUMVENT THE PENDING UTAH LITIGATION AND SEEK FROM VIAWEST WHAT IS AVAILABLE FROM DEFENDANTS

The information sought by Rich Media is fully available from its owner, the Defendants in the Utah Litigation. [Mentchoukov Decl., ¶ 9]. Moreover, the information sought by Rich Media is duplicative of pending discovery requests in the Utah Litigation and is the subject of a

4

proposed protective order before that Court. Currently pending before the Utah Court is: (1) Defendants' Motion to Quash and for Protective Order related to a subpoena which seeks Defendants' "source code" information from a ViaWest facility in Utah [Doc. No. 46, Utah Litigation]; and (2) Rich Media's Motion to Compel responses to Rich Media's discovery requests which seek substantially the same information as the Subpoena in this case. [Doc. No. 54, Utah Litigation]. Thus the very information Rich Media seeks from ViaWest can be provided by the Defendants/owners in the Utah Litigation.

Courts have recognized the important policy considerations underlying protective orders and, in cases such as this involving privileged or confidential information being sought from a non-party, that deference should be given to the Court issuing the protective order. *Mona Vie, Inc. v. Amway Corp.*, Case No. 08-cv-02464, 2009 U.S. Dist. LEXIS 20288, at *9-10 (D. Colo. Mar. 2, 2009) (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990)).

Rich Media should not be allowed to circumvent the Federal District Court for the District of Utah by seeking information from ViaWest in Colorado prior to the Utah Court's ruling on the pending motions. Compelling ViaWest to produce the requested information would be premature at best. The Utah Court will be issuing its ruling on Defendants' proposed protective order in due course. Any challenge, proposed modification, or enforcement of this imminent ruling will be the province of the District of Utah. *Mona Vie*, 2009 U.S. Dist. LEXIS 20288, at *10.

**B.    THE REQUESTED INFORMATION IS UNREASONABLY CUMULATIVE AND DUPLICATIVE OF INFORMATION ALREADY SOUGHT**

Regardless of the District of Utah's decision on pending discovery matters, however, the information sought by Rich Media is unreasonably cumulative and duplicative of what has already been sought. Rule 26(b)(2) permits a district court to limit "[t]he frequency or extent of use of the

5

discovery methods otherwise permitted under [the federal] rules" if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or more readily obtainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(i)-(iii).  Moreover, Rule 26(c) provides that "for good cause shown" a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery.   Fed. R. Civ. P. 26(c)(1), (3).

In this case, all three of the above considerations are met.  The discovery sought by the Subpoena is cumulative and more readily obtainable directly from the Defendants in the Utah Litigation, through the subpoena issued by that Court and/or discovery requests which are currently subject to a Motion to Compel pending before the District of Utah.   Additionally, Rich Media has already had ample opportunity to obtain the information sought through the formal channels of discovery in the Utah Litigation.  Finally, the burden or expense upon ViaWest greatly outweighs any potential benefit, particularly given the fact that data provided by ViaWest may not be readable or have any benefit to Rich Media.   Accordingly, the Subpoena issued by this Court should be quashed.

**C.    THE SUBPOENA IS OVERBROAD**

A command to produce "all documents" regarding a stated topic is overbroad and provides grounds to quash or modify a subpoena.  *Broadcort Capital Corp. v. Flagler Secs., Inc.,* 149 F.R.D. 626, 629 (D. Colo. 1993); *Richards v. Convergys Corp.*, Case No. 2:05-cv-790,

6

2007 U.S. Dist. LEXIS 9131, at *14-17 (D. Utah Feb. 6, 2007); *Washington v. Thurgood Marshall Acad.,* 230 F.R.D. 18, 21-24 (D.D.C. 2005) (limiting plaintiff's overbroad "any and all documents" subpoena requests); *see also Regan-Touhy v. Walgreen Co.,* 526 F.3d 641, 649-50 (10th Cir. 2008).

In *Richards,* the District of Utah quashed and ordered the redraft of a subpoena that requested "all documents in [the non-party's] possession or control regarding the employment of [the plaintiff]." *Richards, supra,* at *14. Finding the request overly broad on its face, the Court stated:

> [T]he subpoenas at issue in this case make broad requests for all documents regarding Richard's employment. While the subpoenaed entities may possess documents that would lead to discovery of admissible evidence as discussed above, a blanket request for all documents regarding Richard's employment is overly broad. The court therefore will quash the subpoenas.

*Id.* at * 16-17.

The subpoena in this case is likewise overbroad. Rich Media seeks access to or copies of <u>all</u> electronic storage devices, including servers, which contain <u>any</u> electronically stored information owned, controlled and/or provided by the Defendants. As previously stated, ViaWest provides co-location and managed services to LNR. The request to produce or provide access to all electronic storage devices seeks all documents and information owned, controlled or provided by Defendants and in the possession of ViaWest by virtue of its overbroad nature. [Mentchoukov Decl., at ¶ 17].

When a plaintiff brings an action without any factual basis evincing a defendant's specific misconduct and then bases extensive discovery requests upon conclusory evidence in hopes of finding the necessary evidence, "that plaintiff abuses the judicial process." *Munoz v. St.*

7

*Mary-Corwin Hosp.,* 221 F.3d 1160, 1169 (10th Cir. 2000); *Jarvis v. Nobel/Sysco Food Serv. Co.,* 985 F.2d 1419, 1423 n.4 (10th Cir. 1993) ("When a plaintiff has no evidence whatsoever . . . , but merely suspects that he could find such evidence if given a chance, he is not entitled to purchase such a fishing expedition in federal court."). The Court should therefore quash the Subpoena.

**D.   RICH MEDIA IS NOT ENTITLED TO THE REQUESTED INFORMATION ABSENT AT LEAST SHOWINGS OF RELEVANCY AND SUBSTANTIAL NEED**

In cases such as this, where a party seeks irrelevant information through a subpoena or otherwise, the "Supreme Court has underscored that 'the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied" and that courts should "not neglect their power to restrict discovery to protect a party or person from annoyance, embarrassment, or oppression." *Condor v. West Bountiful City*, Case No. 2:07-cv-924, 2008 U.S. Dist. LEXIS 68741, at *4-5 (D. Utah Sept. 9, 2008) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). Courts should not allow a party to annoy embarrass, or oppress another when the party makes only a light showing of relevance for the discovery it requests. *Adams v. Gateway, Inc.*, Case No. 2:02-cv-106, 2005 U.S. Dist. LEXIS 43467, at *12 (D. Utah Nov. 2, 2005). "Parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.,* No. 2:05-CV-00790-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007); *see also Munoz v. St. Mary-Corwin Hosp.,* 221 F.3d 1160, 1169 (10th Cir. 2000).

The Subpoena makes no attempt to limit its scope to issues relevant to the issues of the Utah Litigation. Just to take one example, the Subpoena seeks the identification, production and inspection of all servers, flash cards and memory sticks. [Exhibit E]. By doing so, Plaintiffs are

8

requesting the production of <u>all</u> information Defendants' have stored at ViaWest, including potentially sensitive information belonging to Defendants' clients', the full extent of which is unknown at this time. [Mentchoukov Decl., at ¶¶ 17-18].

Further still, the Subpoena seeks discovery of, among other things, the "source code" for Defendants' business by virtue of its overbroad nature. This "source code," along with other confidential and trade secret information, is inherently contained within the "all electronic storage devices" requested by Rich Media. [Mentchoukov Decl., ¶ 12]. Rich Media bears a heavy burden in compelling the discovery of such highly proprietary information. *See* Fed. R. Civ. P. 45(c)(3)(C) (in order to obtain production of trade secret information, requesting party must show "**a substantial need** for the . . . material that cannot be otherwise met without undue hardship." (emphasis added)); *see also* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2043, at 559 (2d ed. 1995) ("If. . . confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information."). Rich Media cannot meet this burden.

According to Defendants, Defendants' information stored on the devices at ViaWest, including the "source code" contained thereon, is a trade secret. Facts, ¶ 7. Plaintiffs do not dispute this. [*Id.*] According to Defendants', this information is at the heart of Defendants' business and is its most valuable asset. Facts, ¶ 8.

The production of trade secret information and source code is inappropriate where the information itself represents a valuable asset to the alleged infringer and the claimant has not established, with any particularity, the basis for its belief that the information contained within the

9

information in fact infringes upon the claimant's rights. For example, in *Viacom Int'l Inc. v. YouTube Inc.*, the district court denied Viacom's motion to compel the disclosure of YouTube's source code and instead granted YouTube's cross motion for a protective order barring disclosure of the source code. *Viacom Int'l Inc. v. YouTube Inc.*, 253 F.R.D. 256, 259 (S.D.N.Y. 2008). Viacom argued that it needed access to the source code to determine whether YouTube's search algorithm facilitated the location of videos that infringed upon Viacom copyrights. After YouTube denied this allegation, Viacom argued that the "best way to determine whether those denials are true is to compel production and examination of the search code." *Id.* at 260. The court refused, stating that:

> YouTube and Google should not be made to place this vital asset [the source code] in hazard merely to allay speculation. A plausible showing that YouTube and Google's denials are false, and that the search function can and has been used to discriminate in favor of infringing content, should be required before disclosure of so valuable and vulnerable an asset is compelled.

*Id.*

Mere speculation that source code or trade secret information may be relevant is insufficient to compel its production. *In re Apple*, C-07-05152, 2010 U.S. Dist. LEXIS 39637, at *8-9 (N.D. Cal. Mar. 26, 2010). In *In re Apple*, the Court held that where "some (if not all) of plaintiffs' assertions appear to based [sic] on mere 'belief,'" the requisite substantial need for compelling production of trade secrets had not been met. *Id.* at *9. Such is the case here, where Rich Media seeks access to trade secret and confidential information based solely on its pleadings upon mere "information and belief." Rich Media has come forward with no evidence of "substantial need." Simply alleging infringement "on information and belief," as Rich Media has done, does not open the door to the discovery of Defendants' most valuable trade secret

10

information.   Nor should non-party ViaWest bear the burden of assisting Rich Media in developing its claims and/or place Defendants' business at risk.

According to Defendants, all relevant information for assessing infringement is publicly available on the Defendants' website and would readily allow one skilled in the art to analyze the accused product in terms of the claims of the patent and patent applications at issue in the lawsuit and determine whether or not Defendants infringe the patent.   Facts, ¶ 12.

Before this Court entertains a request by Rich Media to view <u>all</u> information maintained on ViaWest servers, including "source code," Rich Media must come forward with specificity as to what information they expect to obtain from that information relevant to their infringement analysis or breach of contract claim.   Courts have required as much in analogous cases of accused software copyright infringement.   For example, the court in *Abarca Health, LLC v. Pharmpix Corp.*, Civ. No. 11-1218 (BJM), 2011 WL 3802650 (P.R. Dec. 2011), denied a copyright infringement plaintiffs' request for production of the entirety of defendants' source code.   Citing *Viacom*, the court denied the plaintiffs' motion to compel and instead ordered plaintiffs to submit a "specific and comprehensive list of the elements of Pharmacy Agent [the program in question], both literal and non-literal, which they contend are protectable and which have been infringed." *Id.* at *8.   Regarding the non-literal elements of the source code, the court found that the plaintiffs could not meet their burden because, even if relevant, "plaintiffs do not need the source code in order to adduce evidence of similarities between non-literal elements of the two works (such as a graphical user interface or menu structure)." *Id.* at *5.   Regarding the literal elements of the source code, the court found that the plaintiffs had not supplied enough information to determine

11

whether the verbatim copying alleged was of protectable elements of the work, as opposed to copying of unoriginal expression which is not actionable. *Id.* at *6-7.

Rich Media has made no showing of a substantial need for *any* information beyond: (1) what has already been produced; and (2) what is publicly available on Defendants' web site. Indeed, Rich Media may conduct any necessary infringement analysis by examining Defendants' publicly available website [Declaration of Lee Hollaar, Exhibit F, ¶¶ 17-18, 37]. Rich Media has neglected to conduct a proper inquiry and now seeks to engage on a fishing expedition of all information Defendants have stored at ViaWest. [*Id.* at ¶¶ 37-38]. Rich Media should thus not be permitted to side-step pending discovery matters in the Utah Litigation by simply seeking "all electronic storage devices" residing with non-party ViaWest in Colorado. To allow Rich Media to do so would place an undue burden upon ViaWest, as well as potentially expose the Defendants' valuable trade secrets.

## CONCLUSION

For the foregoing reasons, therefore, the Court should quash the Subpoena. Rich Media is not entitled to boundless discovery of confidential and trade secret information within the possession of non-parties and the Court should so order.

Respectfully submitted,

Dated: March 1, 2012        By:   s/ Todd P. Blakely
                                  Todd P. Blakely
                                        tblakely@sheridanross.com
                                  James M. Burke
                                        jburke@sheridanross.com
                                  SHERIDAN ROSS P.C.
                                  1560 Broadway, Suite 1200
                                  Denver, Colorado   80202-5141
                                  Telephone:   303-863-9700
                                  Facsimile:   303-863-0223
                                  E-mail:      litigation@sheridanross.com

                                  ATTORNEYS FOR PETITIONER

13

CERTIFICATE OF SERVICE

I hereby certify that on this March 1, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing was served via email and U.S. Mail, First-Class postage prepaid, addressed to:

Terry E. Welch, Esq.
D. Craig Parry, Esq.
Chad S. Pehrson, Esq.
Parr Brown Gee & Loveless
185 South State Street, Suite 800
Salt Lake City, UT  84111
twelch@parrbrown.com
cparry@parrbrown.com
cpehrson@parrbrown.com

Barry N. Johnson, Esq.
James K. Tracy, Esq.
Daniel K. Brough, Esq.
Joshua L. Lee, Esq.
Bennett Tueller Johnson & Deere
3165 East Millrock Drive, Suite 500
Salt Lake City, UT  84121
bjohnson@btjd.com
jtracy@btjd.com
jinouye@btjd.com
jlee@btjd.com

                                                          s/ Lori R. Brown
Lori R. Brown
Assistant to Todd P. Blakely, Esq.
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado  80202-5141
Telephone:    303-863-9700
Facsimile:    303-863-0223
E-mail:    lbrown@sheridanross.com
          litigation@sheridanross.com